IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA DAVID WILSON                                                                                          PLAINTIFF

v.          Civil No. 5:21-cv-05167-TLB-MEF

CAMERON SKAGGS;
DEPUTY BOOKOUT;
DEPUTY WILKINS;
DEPUTY BRIDENSTEIN;
LIEUTENANT STAMPS; and
DEPUTY KOEHLER                                                                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Joshua David Wilson, filed this action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on the Plaintiff's failure to obey an Order of the Court.

### I.  DISCUSSION

On June 21, 2022, Defendants filed a Motion to Stay (ECF No. 18) the deadlines contained in the Initial Scheduling Order (ECF No. 14). In the Motion, they noted that Plaintiff had a second case, *Wilson v. Capt. Gage, et al.,* Civil No. 5:21-cv-05115-PKH-MEF, in which Plaintiff's address on the docket was listed as the Ouachita River Correctional Unit ("ORCU") of the Arkansas Division of Correction. In that case, mail sent to the Plaintiff was returned as undeliverable. Plaintiff had 30 days to provide the Court with a new address. Plaintiff did not

submit a new address. On July 1, 2022, a Report and Recommendation (ECF No. 60) was entered recommending dismissal for failure to obey the Orders of the Court and failure to prosecute the action. The Report and Recommendation was adopted (ECF No. 61) and on July 19, 2022, the case was dismissed (ECF No. 62).

The docket in this case also contains the ORCU address. After Defendants filed the Motion to Stay, the Court entered an Order (ECF No. 20) directing Plaintiff to provide his current address or otherwise communicate with the Court by July 13, 2022. Plaintiff has not responded. The Order was not returned as undeliverable. Plaintiff has not communicated with the Court in any way.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.   CONCLUSION

For this reason, it is recommended that **this case be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen (14) days from receipt of the Report and Recommendation**

**in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

DATED this 22nd day of July 2022.

/s/ Mark E. Ford
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE